UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| WILLIAM E. SCANLIN, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO. 3:08-CV-351 JVB |
| PROFESSIONAL RECOVERY SERVICE, | ) ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On October 16, 2008, Plaintiff, William E. Scanlin ("Scanlin"), filed a claim in La Porte County Superior Court. On November 17, 2008, this matter was removed by Defendant, Professional Recovery Services ("Recovery"), to this Court. On December 11, 2008, this Court ordered both parties to file status reports by December 29, 2008, to assist this Court in establishing case management deadlines as required by Fed. R. Civ. P. 16(b). However, neither party provided this Court with a status report. Accordingly, on January 6, 2009, this Court issued an order to show cause directing the parties to submit separate status orders and explain why this case should not be dismissed for failure to prosecute the claim. The parties were given until January 30, 2009, to submit the filing. On January 7, 2009, Recovery, filed its status report. As of this date, however, Scanlin has not responded to this Court's initial order or the order to show cause, despite this Court's warning pursuant to Timms v. Frank, 953 F.2d 281, 285-86 (7th Cir. 1992) and Lewis v. Faulkner, 689 F.2d 100 (7th Cir. 1982), that failure to do so may result in a dismissal of Scanlin's case.

Under Fed. R. Civ. P. 41, Scanlin's case may be dismissed for his failure to prosecute his claim or to comply with court orders. Scanlin has failed to comply with two court orders and has provided no written documentation explaining his inaction. As such, this Court can only assume that Scanlin has abandoned his case. Consequently, for the aforementioned reasons, this Court **RECOMMENDS** that Scanlin's case be **DISMISSED WITHOUT PREJUDICE**.

> **NOTICE IS HEREBY GIVEN that within ten (10) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.**

**SO ORDERED**.

Dated this 2nd Day of February, 2009.

                                                                          S/Christopher A. Nuechterlein
                                                                          Christopher A. Nuechterlein
                                                                          United States Magistrate Judge

cc: William E. Scanlin